IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLE L. TAYLOR,<br>　　　　Appellant,<br><br>　　　v.<br><br>MARGARET MESSMER,<br>　　　　Appellee. | )<br>)<br>)<br>)<br>)  2:13-cv-01034<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER OF COURT**

This is an appeal filed by Carole L. Taylor ("Appellant") from an Order of the Bankruptcy Court dated May 29, 2013, which dismissed her adversary proceeding against the above-named Appellee. Appellant filed a NOTICE OF APPEAL FROM BANKRUPTCY COURT with this Court on July 18, 2013. (ECF No. 1). Pursuant to Bankruptcy Rule 8009, Appellant was ordered to file a brief in support of her appeal by August 1, 2013. (ECF No. 1). Nonetheless, Appellant has not filed a brief. Nor has she requested an extension of time in which to do so. Accordingly, the Court is to determine whether Appellant's appeal should be dismissed for failure to prosecute under Bankruptcy Rule 8001(a) and Fed. R. Civ. P. 41(b).

**I.     Standard of Review**

Pursuant to Bankruptcy Rule 8009(a)(1), "[t]he appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." Rule 8001(a) grants the Court the power to dismiss a case for failure to file a timely brief under Rule 8009(a)(1). *See Ash Trucking Co., Inc. v. Global Indus. Tech., Inc.*, No. 07-1443, 2008 WL 437028, at *2-3 (W.D. Pa. Feb. 14, 2008); *In re Koutoufaris*, Nos. 95-204(JKF), CA.NO. 02-278, 96-180, 2002 WL 1585912, at *1 (D. Del. July 18, 2002). Importantly, the Court "has the

authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and under Federal Rule of Civil Procedure 41(b)." *Azubuko v. Bell Nat'l Org.*, 243 Fed. Appx. 728, 729 (3d Cir. 2007) (internal citation omitted). However, prior to dismissing a case, the Court must consider the following six factors:

1. The extent of the party's personal responsibility;

2. The prejudice to the adversary caused by the failure;

3. A history of dilatoriness;

4. Whether the conduct of the party or the attorney was willful or in bad faith;

5. The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

6. The meritoriousness of the claim or defense.

*Ash Trucking*, 2008 WL 437028, at *4 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). The Court must weigh all six factors. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). However, "[d]ismissal can be appropriate even if some of the *Poulis* factors are not satisfied." *Seawright v. Williams*, No. 05-576-JJF, 2009 WL 1176459, *1 (D. Del. May 1, 2009) (internal quotation marks omitted).

**II.    Discussion**

After a thorough review, the Court finds that dismissal is an appropriate sanction in this case. Appellant has taken no action with respect to her appeal since the filing of her Notice of Appeal on July 18, 2013, and thus she has failed to comply with Rule 8009(a)(1) and this Court's order. As explained above, courts have not hesitated to dismiss cases for failure to comply with the 14-day filing requirement. *See In re Haardt*, Nos. 90-7509, 90-11733S, 1991 WL 101555, at *3 (E.D. Pa. June 7, 1991) (collecting cases).

The Court's analysis of the *Poulis* factors confirms that dismissal is warranted.

Specifically, the first, third, fourth, fifth and sixth factors all weigh strongly in favor of dismissal. First, because Plaintiff is proceeding *pro se*, she "is solely responsible for prosecuting her claim." *Seawright*, 2009 WL 1176459, at *2 (citing *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992)). She cannot pass the blame along to counsel.

With respect to the second factor, the Court finds that the prejudice to Appellee is not overly significant but present nevertheless. Any delay by Appellant in the prosecution of her case necessarily adversely affects the manner in which Appellee is able to prepare her case. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 22-23 (3d Cir. 2003).

Third – and perhaps most importantly – Appellant has a clear history of dilatory findings in other cases which have pended before this Court and arose out of the same bankruptcy proceeding. In fact, on at least three prior occasions, Appellant has had appeals dismissed for failure to comply with Bankruptcy Rule 8002, which requires the filing of a Notice of Appeal within 14 days of the Bankruptcy Court's decision. *See* ECF No. 5 in Civil Action No. 13-12 (Bissoon, J.) (dismissing appeal as untimely under Rule 8002); ECF No. 10 in Civil Action No. 12-1739 (Fischer, J.) (same); ECF No. 11 in Civil Action No. 12-1846 (Schwab, J.) (same). In each of those cases, just as in this case, it does not appear that Appellant ever sought an enlargement of time in which to make the requisite filings. Appellant has thus evinced a lack of respect for the time limits imposed by the Court and has burdened the Court with a number of inactive appeals. *See* Poulis, 747 F.2d at 868 (advising that "[i]f compliance [with court-ordered time limits] is not feasible, a timely request for an extension should be made" to expedite the process of litigation); *In re Koutoufaris*, 2002 WL 1585912, at *1 (explaining that failure to file timely brief under Rule 8009 "burden[s] the court with an inactive appeal"). The Court finds this conduct to be inexcusable.

As to the fourth factor, the events of this case, considered along with Appellant's history of dilatory filings, suggest that her conduct is willful. Indeed, the Court has not received any correspondence from Appellant regarding her case since the Notice of Appeal was filed which could lead the Court to hold otherwise.

As to the fifth factor, alternative sanctions would not likely be effective to deter further violations of this Court's order. In particular, "[b]ecause Plaintiff proceeds *pro se* . . . it is doubtful that monetary sanctions would be effective." *Seawright*, 2009 WL 1176459, at *2

Finally, as to the sixth factor, based on the limited record, the Court cannot fully evaluate the merits of Appellant's appeal. The Court notes, however, that several of Appellant's appeals arising from the underlying bankruptcy proceeding have previously been dismissed pursuant to a settlement agreement in which Appellant agreed that "[a]ny and all of the orders entered by the bankruptcy court are final and non-appealable." ECF No. 19 in Civil Action Nos. 12-752, 12-753 (Cercone, J.); ECF No. 5 in Civil Action No. 13-12 (Bissoon, J.); ECF No. 11 in Civil Action No. 12-1846 (Schwab, J.). Such would also likely be the result in this case, even if Appellant had filed a timely brief.[1]

### III. Conclusion

For the all of the reasons hereinabove set forth, the appeal will be **DISMISSED**.

An appropriate Order follows.

McVerry, J.

---

[1] A Motion to Dismiss another of Appellant's appeals on the basis of the settlement agreement is currently pending before Judge Conti. *See* ECF No. 8 at Civil Action No. 12-1000.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLE L. TAYLOR,<br>   **Appellant,**<br><br>   v.<br><br>MARGARET MESSMER,<br>   **Appellee.** | )<br>)<br>)<br>) 2:13-cv-01034<br>)<br>)<br>)<br>)<br>) |

## ORDER OF THE COURT

AND NOW, this 23rd day of August, 2013, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the Appellant's appeal is **DISMISSED** for failure to comply with Bankruptcy Rule 8009. The Clerk shall docket this case closed.

            BY THE COURT:

            s/ Terrence F. McVerry
            United States District Court Judge

cc: **Carole L. Taylor**
   1112 N. Negley Avenue
   Pittsburgh, PA 15206

   **George E. McGrann, Esq.**
   Email: gmcgrann@schnader.com

   **Robert J. Williams, Esq.**
   Email: rwilliams@schnader.com